17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 SIGNAL CONTRACTING, INC., Appellant,
v.
Les ASPIN, Secretary of Defense, Appellee.
 No. 93-1279.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1994.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Signal Contracting, Inc. (Signal) appeals from the March 3, 1993 decision of the Armed Services Board of Contract Appeals, ABSCA No. 44963, 93-2 BCA (CCH) p 25,877, affirming the contracting officer's denial of certain claims brought by Signal relating to a fixed-price contract with the government for the construction of a new disaster warning system and the demolition and removal of an existing system at the Defense Mapping Agency Aerospace Center in St. Louis, Missouri. We affirm.
 
 DISCUSSION
 
 2
 Our standard of review for decisions of the Armed Services Board of Contract Appeals is governed by the Contract Disputes Act of 1978. We review the Board's conclusions of law de novo and defer to the Board's findings of fact unless unsupported by substantial evidence. Anderson Consulting v. United States, 959 F.2d 929 (Fed.Cir.1992) (citing 41 U.S.C. Sec. 609(b) (1988)).
 
 
 3
 On appeal, Signal disputes factual findings underlying the Board's decision. However, we will not disturb the Board's findings of fact if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Ingalls Shipbuilding, Inc. v. O'Keefe, 986 F.2d 486, 488 (Fed.Cir.1993). On the record as a whole, we conclude that substantial evidence supports each of the factual findings challenged by Signal.
 
 
 4
 Signal also contests the Board's interpretation of certain contractual requirements provided in the specification and drawings respecting additional conduit installation and demolition work. We perceive no error in the Board's interpretations. Signal's interpretations are unreasonable and would create conflict in the contract where none exists. Even if we were to consider the contract susceptible to Signal's interpretations, the resulting ambiguities would be so glaring and obvious as to have obligated Signal to clarify its contractual responsibilities before submitting a bid, see Newsom v. United States, 676 F.2d 647, 649-50 (Ct.Cl.1982), which it did not. We therefore affirm the decision of the Board.